UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | | |
| 60 91ST STREET CORP., | | 20 Civ. 7654 (PAE) |
| | Debtor, | OPINION & ORDER |
| | | |
| KIM MORTIMER, | | |
| | Appellant, | |
| -v- | | |
| HEIDI J. SORVINO, AS CHAPTER 11 TRUSTEE FOR 60 91ST STREET CORP., | | |
| | Appellee. | |

PAUL A. ENGELMAYER, District Judge:

Appellant Kim Mortimer, proceeding *pro se*, is the sole shareholder and principal of the

Debtor, 60 91st Street Corp. Mortimer appeals the August 7, 2020 order of the Bankruptcy

Court for the Southern District of New York (1) finding Mortimer in contempt of prior court

orders; (2) granting monetary and non-monetary sanctions; (3) enjoining Mortimer from

contacting tenants of the Debtor property, and directing and enforcing orders for the turnover of

books, records, and other property of the Debtor's estate pursuant to 11 U.S.C. § 542. Appellee

Heidi J. Sorvino, the Chapter 11 trustee ("Sorvino" or the "Trustee") moves to dismiss the

appeal.

For the following reasons, the Court grants the motion and dismisses the appeal.

## I.      Background

Mortimer is the sole shareholder of the Debtor, which owns an apartment building at 60 West 91st Street, New York, NY, 10024 (the "Property").  The Property has nine units.  On February 4, 2020, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

On April 28, 2020, the Bankruptcy Court *sua sponte* found that good cause existed to appoint a Chapter 11 Trustee.  *See* Dkt. 8 ("Vandermark Decl."), Ex. A.  On April 30, 2020, the Bankruptcy Court entered an order approving Sorvino as a Chapter 11 Trustee.  Prior to the Trustee's appointment, the Debtor operated as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

On May 12, 2020, Mortimer appealed the order directing the appointment of a trustee, but not the order appointing Sorvino as Trustee.  Vandermark Decl., Ex. C.  On June 17, 2020, Mortimer filed a Designation of Items designating various documents as part of the record on appeal in connection with her appeal of the order directing appointment of a trustee.  On March 8, 2021, the Honorable Lorna G. Schofield, who presided over that appeal, dismissed the appeal and affirmed the order directing the appointment of a trustee.  *See In re 60 91st St. Corp.*, No. 20 Civ. 4032 (LGS), 2021 WL 860375, at *4 (S.D.N.Y. Mar. 8, 2021), *appeal dismissed*, No. 21-646 ( 2d Cir. June 16, 2021).

On August 7, 2020, the Trustee moved for an order (1) finding Mortimer in contempt of prior court orders; (2) granting monetary and non-monetary sanctions; (3) enjoining Mortimer from contacting tenants of the Debtor property, and directing and enforcing orders for the turnover of books, records, and other property of the Debtor's estate pursuant to 11 U.S.C. § 542.  *See* Vandermark Decl., Ex. E ("Contempt Mot.").  The Trustee alleged, *inter alia*, that Mortimer had refused to turn over requested books and records, produced falsified leases and other records

to cover up theft from the Debtor's estate, refused to cooperate with the Trustee, and refused to attend examinations as ordered by the Bankruptcy Court.

On August 10, 2020, the Bankruptcy Court entered an Order to Show Cause setting a hearing on the contempt motion for August 18, 2020. *See* Vandermark Decl., Ex. F. Following that hearing, the Bankruptcy entered an order granting the contempt motion. *See* Vandermark Decl., Ex. G ("Contempt Order").[1] The Bankruptcy Court found, *inter alia*, that:

> Kim Mortimer (the "Shareholder"), the Debtor's sole shareholder, is found to have diverted rents and security deposit monies paid by the Tenants away from Debtor's estate and in contravention of her obligations under the Bankruptcy Code . . .

> The Shareholder willfully failed to turn over to the Chapter 11 Trustee all of the Debtor's books, records, and property as required by the Turnover Order.

> The Shareholder also provided the Chapter 11 Trustee with certain documents and records, including the Produced Leases, that were either created by or known to the Shareholder to contain false or inaccurate information. . . .

> The Shareholder has refused to participate in further examination by the Chapter 11 Trustee under Bankruptcy Rule 2004, and has previously so advised the Court.

> The Shareholder has interfered with the Chapter 11 Trustee's administration of the Estate by, among other things, diverting payment of rents, providing Tenants with misleading information, directing Tenants to disregard notices provided by the Chapter 11 Trustee, turning off the water to the [Property] . . . without authorization, and refusing to provide the Chapter 11 Trustee with complete access to the Property, including the Mechanicals.

> The Shareholder has threatened, harassed, and intimidated certain Tenants, which conduct has created uncomfortable and potentially unhealthy living conditions at the Property.

---

[1] The Trustee notes that although Mortimer appeals the Contempt Order, it is not clear that this order is a final order, as certain relief requested in the contempt motion was pending before the Bankruptcy Court at the time this appeal was filed. *See* Dkt. 8 at 5 n.8. However, the Trustee is not seeking dismissal on this basis.

On September 17, 2020, Mortimer filed a notice of appeal of the contempt order.[2] However, Mortimer did not timely designate a record in connection with this appeal as required by Federal Rule of Bankruptcy Procedure 8009(a).  On September 23, 2020, this Court ordered Mortimer to file a letter by September 30, 2020, confirming that she had provided the full record for this appeal. Dkt. 5.

On September 24, 2020, Mortimer filed a Statement of Facts (incorrectly docketed as a "Designation of Bankruptcy Record on Appeal").  Dkt. 6 ("Statement of Facts").

On October 5, 2020, Mortimer filed a letter motion requesting an extension of time to file her designation of record until October 6, 2020, but filed this motion in the Bankruptcy Court, rather than this Court.  MTD ¶ 16.  Accordingly, this Court was unaware of that request and did not rule on the motion.  Mortimer claimed that the delay was caused by the Trustee's having changed the locks on the property, inhibiting Mortimer's access to a borrowed computer that she needed to prepare the designation.  The Trustee notes that the locks were changed on October 1, 2020, one day after the Court's original deadline.  MTD ¶ 16.  Because Mortimer had not filed her designation, the Trustee was unable to file a counter-designation by its deadline, October 7, 2020.

On October 8, 2020, Mortimer filed an untimely Designation of Items.  *See* Dkt. 7 ("Designation of Items").  However, she did not include, as required by Federal Rule of Bankruptcy Procedure 8009(b), a copy of the transcript of the Bankruptcy Court's hearing on the contempt motion.  As she is proceeding *in forma pauperis*, Mortimer could obtain the transcript for free.

---

[2] Although the notice of appeal is dated September 1, 2020, it was not filed with this Court until September 17, 2020.

On October 12, 2020, the Trustee moved to dismiss the appeal for failure to comply with Rules 8009(a) and 8009(b).  Dkt. 8.  On October 29, 2020, Mortimer filed her opposition.  Dkt. 10.  On November 6, 2020, the Trustee filed her reply.  Dkt. 11.

## II.   Standard of Review

"District courts review the legal conclusions of the Bankruptcy Court *de novo*, and its findings of fact under the clearly erroneous standard."  *In re AMR Corp.*, 610 B.R. 434, 444 (S.D.N.Y. 2019) (internal quotation and alterations omitted).  "Matters left to the court's discretion are reviewed for abuse of discretion."  *In re Adelphia Commc'ns Corp.*, 342 B.R. 122, 126 (S.D.N.Y. 2006) (internal citation omitted).

A *pro se* filing is granted "special solicitude" and is interpreted "to raise the strongest claims that it suggests."  *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (citations omitted); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (courts liberally construe a *pro se* filing to raise the "strongest arguments it suggests").  However, "a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case."  *Mena v. City of New York*, No. 15 Civ. 3707 (ALC), 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017).  *Pro se* litigants also are "required to learn and comply with procedural rules."  *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008), *aff'd*, 327 F. App'x 260 (2d Cir. 2009) (summary order); *see also Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (citations omitted)).

## III.   Discussion

The Trustee argues that Mortimer's appeal must be dismissed for failure to comply with the Federal Rules of Bankruptcy Procedure.  The Trustee identifies a number of deficiencies,

5

most importantly that Mortimer failed (1) to timely file a designation of record, (2) to file a coherent statement of the issues to be presented on appeal, and (3) to order copies of the relevant transcripts. Because the Trustee has not had the opportunity to counter-designate the record on appeal, and because the parties have not briefed the merits of the appeal, the Court addresses only the procedural issues raised in the Trustee's motion to dismiss.

The appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). The appellant must also "file and serve the designation and statement within 14 days after (i) the appellant's notice of appeal as of right becomes effective under Rule 8002 . . . or (ii) an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a)(1)(B). Finally, the appellant must either order a copy of the transcript of any proceedings not on file or "file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." Fed. R. Bankr. P. 8009(b)(1)(A)–(B).

"An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or [Bankruptcy Appellate Panel] to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2); *see also In re Harris*, 464 F.3d 263, 270 (2d Cir. 2006) ("The rule makes clear that a district court enjoys discretion to dismiss an appeal in all cases except where the debtor does not file a timely notice of appeal, in which case the court has no choice but to dismiss the case."); *In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005) (dismissing appeal where appellant failed to file a timely record and designation on appeal).

In determining whether to dismiss a bankruptcy appeal for failure to comply with procedural requirements, the Second Circuit requires district courts to consider "why it is in the

interest of justice to all parties, including secured and unsecured creditors, to dismiss a bankruptcy appeal on procedural grounds rather than to continue to the merits of the appeal." *Harris*, 464 F.3d at 272.  Due to the "harsh" nature of dismissal, district courts must also "consider whether a lesser sanction would be appropriate." *Id.*  Finally, district courts should "take into consideration whether [appellant's] behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant's conduct; and whether the litigant should be granted the opportunity to rectify the problem." *Id.*

Here the *Harris* factors favor dismissing the appeal.  First, Mortimer's conduct evinces a pattern of negligence that cannot be excused or explained.  In *Harris*, the debtor-appellant failed to include only the transcript of the bankruptcy court proceeding. *Id.*  By contrast, Mortimer's appeal suffers from three separate deficiencies: she has, to date, not included a statement of issues to be presented on appeal or a transcript of the Contempt Motion hearing, and she has filed an untimely designation of record.  Mortimer attempts to excuse her deficiencies, claiming that she could not file the designation by September 30, 2020 because the locks were changed on a vacant apartment in which a laptop she needed was kept.  Opp. ¶ 11.  However, the Debtor notes that the locks were not changed until October 1, 2020, the day *after* the designation was due. MTD ¶ 27.  In any event, this excuse would not explain Mortimer's failures to file a statement of issues to be taken up on appeal or her failure to include relevant transcripts.  As to the failure to include a transcript, Mortimer attempted to excuse this failure in her opposition to the motion to dismiss, stating she "was not aware that she could have ordered transcripts free of charge else [sic] she would have done so."  Opp. ¶ 9.  However, Mortimer has not attempted to correct this deficiency since filing her October 29, 2020 opposition.  Mortimer's excuse in this regard is particularly unpersuasive considering that she pursued a separate appeal and observed the

necessary procedural requirements in that appeal. *See In re 60 91st St. Corp.*, 2021 WL 860375.
The Court thus finds Mortimer's excuses unavailing and that Mortimer's conduct in pursuing
this appeal exhibits a pattern of negligence. *Compare Cunningham*, No. 19 Civ. 5480 (AJN)
(SN), 2019 WL 10744868, at *2 (S.D.N.Y. Dec. 10, 2019), *report and recommendation
adopted*, No. 19 Civ. 5480 (AJN) (SN), 2020 WL 5775207 (S.D.N.Y. Sept. 27, 2020) (excusing
procedural deficiencies where pro se litigant stated that "he did not know which parties to name
in the appeal"), *with Am. Land Acquisition, Corp. v. Pergament*, No. 13 Civ. 4357 (SJF), 2014
WL 904963, at *6 (E.D.N.Y. Mar. 6, 2014) (dismissing appeal where appellant failed to timely
file a Designation and Statement without excuse).

     Second, Mortimer was given an opportunity to correct her filing by the Court.[3] *See
Harris*, 464 F.3d at 273("[W]e note that the district court did not give Harris any opportunity to
rectify the situation by obtaining the . . . transcript"). Mortimer then filed an extension request
with the bankruptcy court, and subsequently filed her designation of record late with the Court.
She did not take advantage of the opportunity to correct by filing either a statement of issues to
be presented or a transcript of the hearing on the Contempt Motion.

     Third, dismissal here would not result in "serious questions on the merits remain[ing]
unresolved." *Id.* In *Harris*, the court noted the risk that dismissal would permit a "secured
creditor to take more than its interest." *Id.* Here, however, Mortimer is acting in her personal
capacity as the purported sole shareholder of the Debtor, and has established a pattern of

---

[3] The Court did not explicitly note that Mortimer risked dismissal if her filing remained
incomplete. *See In re Hawkins*, 295 F. App'x 452, 453 (2d Cir. 2008) ("[W]e note that district
courts 'will generally need to provide notice of the potential dismissal and an opportunity for the
errant litigant to explain its conduct.'") (quoting *Harris*, 464 F.3d at 272). But the Court granted
an opportunity to correct the filing, and the pattern of negligence here—encompassing three
distinct deficiencies, all lamely rationalized—favors dismissal here.

interference with the bankruptcy proceedings.  Indeed, such interference—not the substantive outcome of the bankruptcy proceeding—is the subject of the contempt order she now appeals. The Court therefore does not find that dismissal of the appeal will result in serious questions on the merits remaining unresolved.

Finally, the Court notes that lesser sanctions are not appropriate here, because this appeal is of a contempt motion that prejudices Mortimer only, not other creditors, as in *Harris*.

## CONCLUSION

For the foregoing reasons, the Court grants the Trustee's motion, and dismisses the appeal.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 9, 2021
      New York, New York